UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                           :
MERRICK BARNES,                                            :
                                                           :
                            Plaintiff,                     :      **MEMORANDUM DECISION**
                                                           :      **AND ORDER**
              -against-                                    :
                                                           :      21-cv-1044 (BMC)
FORT HAMILTON FAMILY HOMES and                             :
BALFOUR BEATTY MILITARY HOUSING                            :
MANAGEMENT, LLC,                                           :
                                                           :
                            Defendants.                    :
                                                           :
--------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Merrick Barnes asserts a single negligence claim under New York law based on injuries he sustained on defendants' property. Plaintiff commenced the case in the Supreme Court, Kings County, but defendants removed it to federal court. Defendants maintain that this court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is alleged to be a citizen of New York, and both defendants are limited liability companies.

For diversity purposes, LLCs have the imputed citizenship of each of their members. See, e.g., Handelsman v. Bedford Vill. Assocs. LP, 213 F.3d 48, 51–52 (2d Cir. 2000). But defendants' notice of removal did not state their members' citizenship, so I ordered defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction. Defendants filed a corporate disclosure statement and a declaration. These documents show that despite an opportunity to cure the defective complaint, defendants have not – and cannot – establish complete diversity between the parties. As a result, the case is remanded.

For removed cases, a court must remand *sua sponte* if subject matter jurisdiction is lacking.  See 28 U.S.C. § 1447(c); Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006).  The defendant bears the burden of establishing the requirements of jurisdiction.  Lawrence v. HHC TRS FP Portfolio, LLC, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020).  Diversity jurisdiction exists only "when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants."  Id.

Defendants' notice of removal focused on where each LLC is "organized and existing" and has its "principal place of business." When I pointed out to them in the Order to Show Cause that an LLC is not treated like a corporation, and thus its state of organization and principal place of business are irrelevant to its citizenship, their response to the Order to Show Cause nevertheless continued to focus on those irrelevant factors.

Defendants did provide some additional information in response to the Order to Show Cause.  They explain that their members are themselves LLCs, the members of which are other business entities.  For defendant Balfour Beatty Military Housing Management, LLC, the chain ends in a Delaware corporation with a principal place of business in Pennsylvania.  Thus, Balfour is a citizen of Delaware and Pennsylvania for diversity purposes.  Defendants got that part right, ultimately.

But for the other defendant, Fort Hamilton Housing, LLC, defendants have failed to close the loop.  They explain that this LLC has three members: (1) BBC Military Housing – Fort Hamilton, LLC; (2) BBC/Army Integrated, LLC; and (3) the United States Department of the Army.  Although defendants identify the members of BBC Military Housing – Fort Hamilton, LLC, they have failed to identify the members of BBC/Army Integrated, LLC.  Moving the lack

2

of identification of an LLC's members up to another LLC, without identifying its members, obviously does not solve the problem.  See Lewis v. Allied Bronze LLC, No. 07-cv-1621, 2007 WL 1299251, at *2 (E.D.N.Y. May 2, 2007) (dismissing for lack of subject matter jurisdiction where the plaintiff's response to an order to show cause did not sufficiently allege the citizenship of the defendant LLC and "show[ed] that [the] plaintiff ha[d] no basis for alleging diversity, and that his counsel continue[d] to misunderstand the rules governing its application").

Defendants also have failed to address two fundamental issues.  First, defendants state that plaintiff is a member of the military, and they seem to assume that he is a citizen of New York because he was stationed at Ft. Hamilton in Brooklyn.  However, "[s]ervice personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the services."  Melendez-Garcia v. Sanchez, 629 F.3d 25, 41 (1st Cir. 2010) (quoting 13E Wright & Miller, Federal Practice & Procedure § 3617 (3d ed. 2009)).  "A service member may, however, rebut this presumption by demonstrating that despite his involuntary presence in a state, he or she has formed the intention to make a home in that state," though "[s]uch proof requires clear and unequivocal evidence." Id. (colatus).  Given this framework, defendants have not met their burden of establishing plaintiff's citizenship.

Second, defendants say nothing about the significance of the Department of the Army's membership in Fort Hamilton Housing, LLC.  An entity within the Executive Branch is not a citizen of any state.  See E. Sav. Bank v. Walker, 775 F. Supp. 2d 565, 573 (E.D.N.Y. 2011) (addressing the IRS); 13E Wright & Miller, Federal Practice & Procedure § 3602 & n. 19 (3d ed. 2020) (collecting cases addressing other federal agencies).  And if an LLC has a member which is not a citizen of any state, then, because the citizenship of the LLC is the imputed citizenship of

*all* of its members, the LLC itself is not a citizen of any state.  It can never be in federal court on the basis of diversity jurisdiction.  <u>See</u> <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 69 (2d Cir. 1990) (partners were American citizens domiciled abroad); <u>see also</u> <u>Swiger v. Allegheny Energy, Inc.</u>, 540 F.3d 179, 184 (3d Cir. 2008) (same with regard to LLC).  Therefore, the presence of Fort Hamilton Housing, LLC as a party precludes diversity in this case.

Defendants have not set forth any other basis for subject matter jurisdiction. The case is remanded to the Supreme Court, Kings County.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____

U.S.D.J.

Dated: Brooklyn, New York
      March 5, 2021

4